# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ERIK SCHISLER,

        Plaintiff,

v.                                       Case No:   6:15-cv-517-Orl-22KRS

SAM'S WEST, INC.,

        Defendant.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **THIRD RENEWED JOINT MOTION FOR COURT TO APPROVE SETTLEMENT AND TO DISMISS ALL CLAIMS WITH PREJUDICE (Doc. No. 57)** |
| **FILED:** | **April 12, 2016** |

## I.    BACKGROUND.

On August 26, 2015, Plaintiff Erik Schisler ("Schisler") filed a complaint against Defendants Sam's West, Inc. ("Sam's West"), Puresoft, Inc. ("Puresoft"), and Tommy Carrera ("Carrera"). Schisler raised claims for breach of contract and for failure to properly pay a minimum wage as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*  Doc. No. 26.  He seeks to hold Sam's West liable under a joint employer theory.  *Id.* at 6–7.

On February 4, 2016, the Court dismissed the claims against Puresoft and Carrera without prejudice, based on Schisler's failure to timely move for default judgment as required by Local Rule 1.07(b).  Doc. No. 48.  Schisler and Sam's West subsequently filed three motions for settlement

approval under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1360 (11th Cir. 1982), each of which were denied without prejudice.   Doc. Nos. 50, 51, 53, 54, 55, 56.

On April 12, 2016, Schisler and Sam's West filed another motion for settlement approval. Doc. No. 57.   The motion was accompanied by an agreement between Schisler and Wal-Mart Stores, Inc. ("Wal-Mart"), of which Sam's West, Inc. is a wholly-owned subsidiary.[1]   Doc. No. 57-1.   The parties stipulate to dismissal of the action with prejudice.   Doc. No. 57, at 4.   They also request that the Court retain jurisdiction to enforce the terms of the settlement agreement.   *Id.*

The motion was referred to me for issuance of a Report and Recommendation, and I held a hearing on the motion on April 26, 2016.   Doc. No. 59.   The matter is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."   679 F.2d at 1353.   Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th

---

[1] Although the parties' motion and agreement did not explicitly state the relationship between Sam's West and Wal-Mart, Sam's West's counsel supplied such information at a hearing before the undersigned.

Cir. 2009) (per curiam).[2]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III.    ANALYSIS.

### A.    *Schisler Will Receive All FLSA Compensation Arguably Due.*

Under the settlement agreement, Schisler will receive $1,087.00 as unpaid wages, for which a W-2 shall issue.  Doc. No. 57-1, at 2.   Schisler will also receive $1,087.00 as liquidated damages.[3]  *Id.*  In his answer to the Court's interrogatories, Schisler claimed an entitlement to $1,087.00 in unpaid wages and an additional $1,000.00 in liquidated damages.   Doc. No. 33, at 2. Because Schisler will receive the full amount of compensation he alleges that Sam's West owed him,[4] I recommend that the Court find that Schisler has not compromised his FLSA claim.

### B.    *Attorneys' Fees and Costs.*

Under the settlement agreement, Schisler's counsel will receive $1,863.00 for attorneys' fees and costs.  Doc. No. 57-1, at 2.   The parties represent that this amount was negotiated separately

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[3] The settlement agreement itself provides that the $1,087.00 in liquidated damages is part of a $2,950.00 sum that will be "made jointly" to Schisler and his counsel.  *Id.*   At the motion hearing, Schisler's counsel made clear that Schisler would receive the entirety of the liquidated damages figure.

[4] While it is unclear why Schisler claimed only $1,000.00 in liquidated damages in his interrogatory response, the settlement agreement itself will provide him with the entirety of the liquidated damage amount to which he is entitled under the FLSA.  *See* 29 U.S.C. § 216(b) (providing that a party may be entitled to "an additional equal amount [to the unpaid wages] as liquidated damages").

from Schisler's damages claim.   Doc. No. 57, at 2; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).   Moreover, because Schisler will receive all of the FLSA wages to which he claims he is entitled, the amount of attorneys' fees and costs paid under the settlement agreement could not have tainted the amount he agreed to accept to settle this case.   As a result, the Court need not scrutinize the settlement agreement further to consider whether the attorneys' fees and costs to be paid are reasonable.   *See Caamal v. Shelter Mortg. Co.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

C.      *Whether the Settlement Is Fair and Reasonable.*

"If judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case . . . ." *Dees*, 706 F. Supp. at 1247.   However, I am aware that some judges in the district have expressed the view that a non-cash concession by an employee, such as a broad release clause, "affects both the 'fairness' and the 'full compensation' component[s] of the settlement, and thus requires (and often precludes) a fairness finding, even when all monetary compensation owed is paid in full." *Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *adopted by* 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

In this case, Schisler releases Wal-Mart, including its subsidiaries (including Sam's West), parent company, affiliated entities, related entities, operating entities, franchises, divisions of Wal-Mart, officers, directors, trustees, agents, employees, or insurers from any and all claims

> relating to the Lawsuit, including, claims for wages under the Fair Labor Standards Act of 1938 . . . ; or any other claims for wages pursued under state, federal, or local law. . . .   SCHISLER understands and agrees that he is releasing WALMART from any and all claims asserted in the Lawsuit by which he is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by SCHISLER or on SCHISLER's behalf.

Doc. No. 57-1, at 2–3.

Doc. No. 57-1, at 2–3.   At the hearing, Schisler's counsel indicated that, to the extent he has any claims against Wal-Mart, such claims are merely derivative of the claims asserted against Sam's West, on a direction-and-control theory of liability.   Schisler's counsel also represented that, insofar as the language encompasses his breach of contract claim, such claim is duplicative of his FLSA claim and, therefore, mooted by its resolution.   Consequently, I recommend that the Court find that those aspects of the release do not undermine the agreement's fairness.

I note, nevertheless, that judges in this District appear to be split on whether a release of wage claims other than FLSA claims is permissible in an FLSA case.   *Compare Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 U.S. Dist. LEXIS 94775, at *3 n.1 (M.D. Fla. July 21, 2015) (finding the release of wage claims under the FMWA and Florida Constitution, when the plaintiff raised claims only for unpaid overtime under the FLSA, made the release "per se unreasonable under *Lynn's Food* because it confer[red] an underserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute"), *with Cooper v. Garda CL Se., Inc.*, No. 6:15-cv-01677, 2015 U.S. Dist. LEXIS 169481, at *3–4 (M.D. Fla. Dec. 18, 2015) (finding a release tailored to the wage and overtime claims existing at the time of settlement reasonable).   I also note that some judges have determined that an agreement to pay full compensation, without compromise, exempts the agreement from scrutiny of the general release.   *Jarvis*, 2012 WL 933057, at *6.   Because Plaintiff will receive all of the FLSA wages due and because the release is tailored to address the wage issues existing at the time of settlement,[5] I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."   *Lynn's Food*, 679 F.2d at 1355.

---

[5] As indicated above, Schisler's breach of contract claim is merely duplicative of his FLSA claim.

> D.      *Whether the Court Should Retain Jurisdiction over This Matter to Enforce the Settlement Agreement.*

In their motion, the parties request that the Court retain jurisdiction to enforce the terms of the settlement.   Doc. No. 57, at 1.   The parties have made no argument and presented no facts in support of the request.   Moreover, "[c]ourts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement."   *Santiago-Valle v. Transition House, Inc.*, No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS 169419, at *12 (M.D. Fla. Dec. 10, 2015), *adopted by* 2015 U.S. Dist. LEXIS 169420 (M.D. Fla. Dec. 19, 2015). In the absence of any compelling explanation as to why the Court should retain continuing jurisdiction to enforce the settlement, I recommend that the Court deny the parties' request.

## III.   RECOMMENDATION.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1.    **GRANT in part** the parties' Third Renewed Joint Motion for Court to Approve Settlement and to Dismiss All Claims with Prejudice (Doc. No. 57);

2.    **FIND** that the parties' settlement agreement (Doc. No. 57-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3.    **DISMISS** the case with prejudice;

4.    **DECLINE** to retain jurisdiction over this matter to enforce the settlement agreement; and

5.    **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 29, 2016.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE